IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PHILLIP BAKER                                                                PLAINTIFF

v.                                         4:11-CV-00635 BRW

NATIONAL PASSENGER RAILROAD                                  DEFENDANT
COMPANY a/k/a AMTRAK

ORDER

Defendant ("Amtrak"), employed Plaintiff as a conductor.[1] Plaintiff sued Amtrak, alleging that he "suffered injuries to his mental health and well-being in the form of Post-Traumatic Stress Disorder . . . as well as musculoskeletal injuries to his neck, back, hip, knees, ankles, elbows, wrists, and hands."[2] The parties are currently engaged in discovery.

Pending is Amtrak's Motion to Compel (Doc. No. 9). Plaintiff has not responded.[3] Amtrak's Motion is GRANTED as set out below.

Interrogatory No. 2 -- Plaintiff is directed to explain what the statement "Railroad Retirement Board Disability Benefits: December 1, 2010 - November 30, 2010: $4,049.66, December 1, 2011 - November 30, 2011; $4,049.66" means. Because November generally precedes December in any given year, I understand Amtrak's confusion at this response.

Interrogatory No. 6 -- Plaintiff is directed to provide the dates, times, places, and locations in response to Amtrak's request to "set forth in detail your version of how your injury, disease, illness and/or condition occurred and/or developed . . . ." Responding with a decade (in

---

[1]Doc. No. 1.

[2]*Id.*

[3]A response was due by April 2, 1012.

1

the mid-90s) or with a location (around South Walnut Ridge) is not specific enough.  If Plaintiff cannot remember these details, he should so note.

Interrogatory No. 13 -- Plaintiff is directed to explain which tools he contends were old and hard to work, and where he alleges the train track between Little Rock and St. Louis was rough.  Responding that "many tools were old and hard to work" is not specific enough.[4]

Interrogatory No. 24 -- This interrogatory reads: "If it is contended that Defendant failed to discharge any legal obligation, specify in detail [] each instance (by date, time, and place) what you contend was done that should not have been done and/or what you contend should have been done that was not."[5]

Plaintiff's answer reads: "Defendant did not maintain its track, Defendant failed to warn / and or adequately warn the Plaintiff of the danger associated with his job.  See Plaintiff's complaint for further allegations."[6]  Plaintiff's supplemental answer reads: "Plaintiff contends that the track between Little Rock and St. Louis was excessively rough.  Plaintiff contends that he was not warned and/or adequately warned about the damages of and increased [sic]."  Plaintiff referred Amtrak to his complaint, but his complaint is likewise short on fact.  Plaintiff is directed to answer Interrogatory No. 24 in detail.

IT IS SO ORDERED this 4th day of April, 2012.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[4]Doc. No. 10.

[5]*Id*.

[6]*Id*.